Brian Lewis (OSB No. 210282)
brian@hatchlaw.com
Hatch Law, PC
520 SW 6th Avenue, Ste. 810
Portland, Oregon 97204
503-217-4833

Robin Phillips (*Pro Hac Vice Forthcoming*)
rphillips@phillipslex.com
PHILLIPS LEX
10940 Wilshire Blvd., Ste. 1600
Los Angeles, California 90024
213-340-5324

*Attorneys for Plaintiff,*
*Shinrin-Yoku Traders LLC d.b.a*
*Itus Mouthguardz*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| SHINRIN-YOKU TRADERS LLC d.b.a. ITUS MOUTHGUARDZ,<br><br>                Plaintiff,<br><br>      v.<br><br>KONCEPT INNOVATORS, LLC,<br><br>                Defendant. | Case No. 3:25-cv-1231<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Shinrin-Yoku Traders LLC d.b.a Itus Mouthguardz ("Itus"), brings this complaint against Defendant, Koncept Innovators, LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This action arises out of an actual and justiciable case or controversy that exists between Itus and Defendant, which arose from Defendant's efforts to enforce a patent against Itus, although no claims of the patent have been infringed by Itus.

## THE PARTIES

3. Itus is an Oregon limited liability company with its principal place of business at 18450 SW Seiffert Road, Sherwood, Oregon 97140.

4. Itus is in the business of designing, marketing, and selling mouthguards.

5. On information and belief, Defendant is a South Carolina limited liability company with its principal place of business at 1619 Executive Ave., Myrtle Beach, South Carolina 29577.

6. Defendant sells mouthguards over the Internet, including on Amazon.com.

## JURISDICTION AND VENUE

7. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq*. Itus is suing Defendant under 28 U.S.C. §§ 2201 and 2202 to obtain a declaratory judgment of non-infringement with respect to United States Patent No. 11,998,478 ("the '478 Patent"). A copy of the '478 Patent is attached as Exhibit 1 and is incorporated by reference as though fully set forth herein.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9. This Court has personal jurisdiction over Defendant, because Defendant purposefully directed an extra-judicial patent enforcement attack at Itus – an Oregon resident in this judicial district.

10. On or about June 25, 2025, Defendant made a complaint to Amazon.com, Inc. ("Amazon") accusing Itus of infringing the '478 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing products in, from, and/or into Oregon.

11. Defendant's complaint to Amazon initiated Amazon's extra-judicial Amazon Patent Evaluation Express Procedure (the "APEX Procedure"), pursuant to which Itus can be barred from continuing to list and sell its products on Amazon's website (Amazon.com).

12. Under the APEX Procedure, if Itus took no action following Defendant's complaint to Amazon, Itus' listings would automatically be removed from Amazon.com, terminating its ability to list and sell its products on Amazon.

13. The majority of Itus' sales originate from its listings on Amazon.com. If Itus were prohibited from listing and selling its products on Amazon.com, this would severely damage Itus' business in Oregon.

14. Defendant's complaint to Amazon constitutes unfair competition with Itus in Oregon and harms Itus' ability to conduct business in Oregon.

15. By complaining to Amazon and initiating its extra-judicial APEX Procedure against Itus, Defendant availed itself of the laws of Oregon, knowing that its actions would damage Itus in Oregon. Defendant is thus subject to personal jurisdiction in Oregon.

16.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391. A substantial part of the events giving rise to this declaratory judgment action occurred in this judicial district, and Defendant is subject to personal jurisdiction in this judicial district.

## ITUS' PRODUCTS

17.     Itus designs, markets, and sells mouthguards. Image 1 (below) shows one of Itus' mouthguards in a closed position from the front.



Image 1

18. Images 2a and 2b (below) show the upper tray of one of Itus' mouthguards from different angles:



Image 2a



Image 2b

Complaint for Declaratory Judgment           4
of Patent Non-Infringement

19. Images 3a and 3b (below) show the lower tray of one of Itus' mouthguards from different angles:



Image 3a



Image 3b

Complaint for Declaratory Judgment
of Patent Non-Infringement

5

20. Itus' mouthguards come in three sizes: large, medium and small – all of which are transparent in color (as shown in Images 1 – 3b). In addition, Itus sells its medium-sized mouthguard in blue.

21. Itus engages in interstate commerce, including in Oregon, to market and sell its mouthguards.

22. Itus maintains an Amazon storefront on Amazon.com, and has four product listings on Amazon.com corresponding to Itus' three transparent mouthguard sizes and its blue medium-sized mouthguard (collectively "Itus' mouthguards" or the "Itus mouthguards").

23. A substantial amount of Itus' business comes from its sales on Amazon.com.

## DEFENDANT'S WRONGFUL CONDUCT

24. On June 4, 2024, the United States Patent and Trademark Office issued the '478 Patent to Defendant, and Defendant purports to own all rights, title, and interest in the '478 Patent, including the right to enforce the patent.

25. On or about June 25, 2025, Defendant initiated Amazon's APEX Procedure against Itus in order to terminate Itus' listings and sales on Amazon.com, by wrongfully accusing all of the Itus mouthguards listed on Amazon.com of infringing the '478 Patent. Defendant's accusations are without basis.

26. Itus' mouthguards do not infringe the '478 Patent because none of them has all the elements and limitations of any claim of the '478 Patent. For example, claims 1-8 of the '478 Patent require "a rib between the first and second sidewall." Itus' mouthguards lack such a rib. As a second example, claims 9-14 of the '478 Patent require "a first rib … having a narrower portion and a wider portion." Again, Itus' mouthguards lack such a rib. As a third example, claims 15-20 of the '478 Patent require "a first locking member of first set of upstanding sidewalls." Itus'

mouthguards lack such a locking member. Each claim of the '478 Patent has at least one element or limitation that is missing from Itus' mouthguards.

## COUNT I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

27. Itus repeats and realleges each allegation above as if fully set forth herein.

28. Itus has not made, used, sold, offered to sell, or imported any product having each and every element and limitation of any claim of the '478 Patent.

29. Itus has not infringed, directly or indirectly, any claim of the '478 Patent either literally or according to the doctrine of equivalents.

30. Itus' mouthguards do not infringe, directly or indirectly, any claim of the '478 Patent either literally or according to the doctrine of equivalents.

31. On or about June 25, 2025, Defendant made a complaint to Amazon accusing all of the Itus mouthguards in Itus' four Amazon.com listings of infringing the '478 Patent.

32. Defendant's wrongful accusations of patent infringement are without basis. Defendant has never provided Itus with any specific contentions, such as claim charts, explaining how or why Defendant believes that Itus' mouthguards infringe the '478 Patent.

33. Defendant's complaint to Amazon initiated Amazon's extra-judicial APEX Procedure, pursuant to which Itus can be barred from listing and selling its products on Amazon.com.

34. According to Amazon's APEX Procedure, a third-party determines whether a product sold on Amazon.com likely infringes a patent, and if so, Amazon removes the product's listing from Amazon.com.

35. On June 26, 2025, Itus received a notice from Amazon stating that Defendant had reported to Amazon that Itus was infringing the '478 Patent, and that Itus' mouthguards in its Amazon.com listings infringe the '478 Patent. A copy of Amazon's notice to Itus is attached as Exhibit 2, and is incorporated by reference as though fully set forth herein. Attached to Amazon's notice were two documents ("Amazon Patent Evaluation Express Procedure" and "Koncept Innovators LLC Executed Agreement"), which are attached hereto as Exhibits 3 and 4, and which are incorporated by reference as though fully set forth herein.

36. Amazon's notice informed Itus that Itus had three options to avoid automatic removal of its product listings from Amazon.com: (1) opt in to the APEX Procedure and proceed with the third-party determination; (2) resolve the claim directly with Defendant and have Defendant retract its complaint to Amazon; or (3) file a lawsuit for declaratory judgment of non-infringement.

37. Amazon's notice further informed Itus that it had a three-week deadline (from June 26, 2025) to take action in response to Defendant's complaint, and that if Itus took no action, all the listings for Itus' mouthguards on Amazon.com would be removed.

38. An actual, immediate and continuing case or controversy exists between Itus and Defendant based on Defendant's wrongful accusations of patent infringement against Itus, which have formed a justiciable controversy between Itus and Defendant as to the '478 Patent that is ripe for determination.

39. Defendant's wrongful accusations against Itus of patent infringement have caused and will continue to cause irreparable harm to Itus that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

40. Itus is entitled to a declaratory judgment that the '478 Patent is not infringed by Itus or its mouthguards.

41. Itus is further entitled to a judgment enjoining Defendant from making accusations of patent infringement against Itus, and from continuing its wrongful enforcement of the '478 Patent against Itus in Oregon and elsewhere.

42. Defendant deliberately attacked Itus by complaining to Amazon and initiating Amazon's extra-judicial APEX Procedure against Itus in order to gain an unfair advantage over Itus in the marketplace.

43. Defendant's conduct renders this an exceptional case under 35 U.S.C. § 285, which entitles Itus to attorneys' fees and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Itus respectfully prays for the following relief against Defendant:

A.   A declaratory judgment that Itus has not infringed the '478 Patent;

B.   A declaratory judgment that Itus' mouthguards have not infringed and do not infringe the '478 Patent;

C.   A preliminary and permanent injunction prohibiting and enjoining Defendant, as well as its officers, directors, members, predecessors, successors, subsidiaries, agents, employees, representatives, assigns and all persons and entities acting in concert or participation with Defendant or any of these parties (collectively the "Enjoined Parties") from:

  i.   Asserting and/or enforcing the '478 Patent against Itus;

  ii.  Making any accusation that Itus has infringed or infringes the '478 Patent; and/or

  iii. Making any accusation that Itus' mouthguards have infringed or infringe the

'478 Patent;

D.    An order that Defendant provide written notice of the injunction to all Enjoined Parties;

E.    A judgment that this is an exceptional case under 35 U.S.C. § 285 based on Defendant's conduct.

F.    A judgment awarding Itus its reasonable attorneys' fees and costs;

G.    An order that the Court will retain jurisdiction of this action for the purpose of enabling Itus to apply to the Court at any time for such further orders and interpretation or execution of any judgment or order entered in this action, for the modification of any such judgment or order, for the enforcement or compliance therewith, and/or for the punishment of any violations thereof;

H.    A judgment awarding Itus pre-judgment interest, and post-judgment interest; and

I.    Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Shinrin-Yoku Traders LLC d.b.a Itus Mouthguardz demands a jury trial on all issues so triable.

Dated: July 14, 2025                                    HATCH LAW, PC

                                                        By: /s/ Brian Lewis
                                                            Brian Lewis

                                                        PHILLIPS LEX
                                                        Robin Phillips (*Pro Hac Vice Forthcoming*)

                                                        *Attorneys for Plaintiff*
                                                        *Shinrin-Yoku Traders LLC d.b.a*
                                                        *Itus Mouthguardz*