IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHINRIN-YOKU TRADERS LLC d.b.a.
ITUS MOUTHGUARDZ,

               Case No. 3:25-cv-01231-JR

    Plaintiff,

                  ORDER

  v.

KONCEPT INNOVATORS, LLC,

    Defendant.

**BAGGIO, District Judge:**

Magistrate Judge Russo issued a Findings and Recommendation on April 7, 2026, in which she recommends that this Court set aside entry of default, find this Court has personal jurisdiction over Defendant, and find venue proper in the District of Oregon. F&R, ECF No. 31. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl.'s Obj., ECF No. 33. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d

1 – ORDER

930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Plaintiff's objections and Defendant's responses[1] and concludes that there is no basis to modify the Findings and Recommendation. The Court emphasizes that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984). The Court has also reviewed the pertinent portions of the record *de novo* and finds no error in the Magistrate Judge's Findings and Recommendation.[2]

---

[1] The Court notes that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (quoting *United States v. Howell,* 231 F.3d 615, 621 (9th Cir. 2000)); *see also* Fed. R. Civ. P. 72(b)(3). The Court considers Exhibit A to Defendant's Response. Def.'s Resp. Ex. A, ECF No. 34-1.

[2] The Magistrate Judge did not err in considering Defendant's intent with respect to the culpable conduct factor. *See* F&R 5–6; Pl.'s Obj. 8–9. To be sure, the Court had the option to apply the *Franchise Holding II* 'per se' rule in which "[i]f a defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable." *Franchise Holding II, LLC. v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (citation modified). However, this rule is not mandatory as Plaintiff suggests. Pl.'s Obj. 9. Rather, the Ninth Circuit has characterized *Franchise Holding II*'s per se rule as optional. *See Mesle*, 615 F.3d at 1093 (noting that "a defendant's conduct *may* be considered culpable" if the *Franchise Holding II* conditions are satisfied and that "an understanding of the consequences of its actions *may* be assumed") (emphasis added). Plaintiff cites an unpublished Ninth Circuit case for support that the *Franchise Holding II* rule is mandatory. Pl.'s Obj. 10 (citing *Castro v. C&C Verde LLC*, Nos. 23-15488, 23-16217, 2024 WL 5494392, at *1 (9th Cir. Mar. 28, 2025)). But *Castro* simply found the district court did not abuse its discretion when it chose to employ the per se rule; *Castro* does not stand for a mandatory rule. And indeed, in another Ninth Circuit unpublished case where the panel found the district court did not abuse its discretion in setting aside default, the panel held "our case law does not require disregarding a sophisticated defendant's intent. On the contrary . . . we have at times still examined the sophisticated defendant's intent." *HTP, Inc. v. First Merit Grp. Holdings, Inc.*, No. 22-35184, 2022 WL 17958638, at *2 (9th Cir. Dec. 27, 2022). Thus, Magistrate Judge Russo did not err in considering Defendant's intent.

2 – ORDER

## CONCLUSION

The Court ADOPTS Magistrate Judge Russo's Findings and Recommendation [31]. Therefore, Plaintiff's Motion for Default Judgment [14] is DENIED and Defendant's Omnibus Motion [18] is GRANTED in part and DENIED in part as follows. Defendant's Motion to Set Aside Entry of Default is GRANTED; Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is DENIED; Defendant's Motion to Transfer is DENIED.

IT IS SO ORDERED.

DATED this 1st day of July, 2026.

AMY M. BAGGIO
United States District Judge

3 – ORDER